Simon, J.
The defendant, after a vain attempt to obtain a new trial, has appealed from a judgment rendered on the verdict of a jury, by which judgment she is condemned to pay the amount of three promissory notes, alleged to have been subscribed by her late husband, all payable to the order of the plaintiff, and filed with and made a part of plaintiff’s petition.*
This suit was brought in March, 1840, and was put at issue on the 11th of April following, by the defendant’s denial of the existence of the debt purporting to be due to the plaintiff from the deceased, of which the notes sued on are-evidence. She says that *37 the whole crop of cotton of the year 1838, made by her husband, went into the plaintiff’s hands ; that the latter received the money; that the same has not been accounted for ; and she requires that the plaintiff be ordered to produce the account of sales, &c. and that, if the balance be found against him, judgment may be rendered for the amount.
The notes sued on consist of one for $500, dated 5th January, 1839 ; one of $300, dated the 23d March, 1839 ; and another of $100, dated 22d May, 1838. The original of the first of these notes, is brought up with the record, and reads thus : “ Due Levi Dawson, or bearer, the sum of five hundred dollars, for value received of him, bearing ten percent interest from date, until paid ; this 5th January, 1839.”
Two years after the filing of the first answer, (which had been filed by the defendant’s attorney in fact, John C. White,) the defendant obtained leave to file an amended answer, admitting the two notes of $100 and $300, but alleging that, since the filing of her first answer, she had made such examinations and discoveries as induce her to believe, that the note of $500 is false, fraudulent, forged and counterfeit. She, therefore, denies that the signature to that note was made and executed by her husband. An affidavit is annexed to this answer.
On the trial of the case before the jury, experts were appointed by the court, to examine and report on the genuineness of the note in controversy, but they could not agree. Witnesses were produced, one of whom testified that he could not say whether the signature to the $500 note is that of William Dawson or not; and that it is not signed as he usually has signed notes when witness (who is the cashier of the Union Bank at Clinton,) has taken them. Another witness (John C. White, defendant’s former attorney in fact,) said, that he had seen W. Dawson write; that he thinks the signature to the $500 note is that of William Dawson ; but that the body of the note is not in Dawson’s hand-writing. Witness is a notary public, and has been so for a long time ; he has had considerable opportunity of familiarizing himself with people’s hand-writing ; has seen Dawson write his name twice, perhaps a good many times ; and passed two public acts for him.
After this evidence was given, the note was permitted to go to *38 the jury, as having been sufficiently proven. But it is, perhaps, proper to remark, that no resort was had to a comparison of the signature with the authentic acts shown to exist by White’s testimony, (Civ. Code, art. 2241,) and that the plaintiff’s counsel having moved the court to appoint another set of experts to compare the disputed signature with the admitted signature of William Dawson on file, this motion was objected to by the defendant’s counsel, who thereby succeeded in excluding this means of arriving at the truth.
Under the circumstances of the case, we cannot say that the jury, who heard the witnesses, who are acquainted with the parties, and who are better able to judge of their morality, and of the degree of credit to be put on the testimony, erred in deciding, that the note in controversy had really been executed by the deceased. The Judge, a quo, was also satisfied with the verdict. He refused to grant a new trial, and this being a mere question of fact, we have not been able to discover any reason why the verdict complained of should be disturbed.
With regard to the bill of exceptions taken by the defendant’s counsel to the court’s permitting the disputed note to be produced in evidence, without requiring the plaintiff to account for the blemishes, erasures, and other defects apparent on its face, the Judge, a quo, states, at the close of the bill, that “ the court was unable to say whether there were such interlineations, erasures, or blemishes, apparent on the note, as to authorize its exclusion, till they were explained or accounted for. He thought it right to leave it for the consideration of the jury, and so charged.” We have also examined the instrument brought up with the record ; and we concur with the Judge, a quo, in the conclusion to which he came. It was the safest under the circumstances, as the matter in controversy was clearly and specially within the province of the jury.

Judgment affirmed.

 Defendant’s liability resulted from having accepted the succession of her husband unconditionally.